# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| MARK PICOZZI | Case No. 2:20-cv-00518-RFB-BNW |
| Plaintiff(s), | **ORDER** |
| v. | |
| NEVADA DEP'T OF CORRECTIONS *et al* | |
| Defendant(s). | |

Before the Court are Plaintiff's Motion for Emergency Injunction and Motion to Compel. ECF Nos. 11, 12. The Court denies both motions.

Although Plaintiff does not explicitly use these words in his motion, the Court construes Plaintiff's motion for emergency injunction as a motion for preliminary injunctive relief. United States v. Seesing, 234 F.3d 456, 462 – 63(9th Cir. 2000) (noting obligation of court to liberally construe pro se motions from people who are incarcerated).

A preliminary injunction is "an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." Winter v. Natural Res. Def. Council, Inc., 555 U.S. 7, 22 (2008). To obtain a preliminary injunction, a plaintiff must establish four elements: "(1) a likelihood of success on the merits, (2) that the plaintiff will likely suffer irreparable harm in the absence of preliminary relief, (3) that the balance of equities tips in its favor, and (4) that the public interest favors an injunction." Wells Fargo & Co. v. ABD Ins. & Fin. Servs., Inc., 758 F.3d 1069, 1071 (9th Cir. 2014), as amended (Mar. 11, 2014) (citing Winter, 555 U.S. 7, 20 (2008)). A preliminary injunction may also issue under the "serious questions" test. Alliance for the Wild Rockies v. Cottrell, 632 F.3d 1127, 1134 (9th Cir. 2011) (affirming the continued viability of this doctrine post-Winter). According to this test, a plaintiff can obtain a preliminary injunction by demonstrating "that serious questions going to the merits were raised and the balance of

hardships tips sharply in the plaintiff's favor," in addition to the other Winter elements. Id. at 1134-35 (citation omitted).

Plaintiff alleges in his motion for an emergency injunction that staff at High Desert State Prison, where Plaintiff is currently incarcerated, are opening his civil legal mail outside of his presence, in violation of his First Amendment rights. Plaintiff is correct that prison officials may not read civil legal mail outside the presence of the individual to whom the mail is addressed. Hayes v. Idaho Corr. Ctr., 849 F.3d 1204, 1211 (9th Cir. 2017). However, Plaintiff has not alleged in his emergency motion that the mail at issue is properly marked civil legal mail. Plaintiff alleges that he sent mail to various officials, including the Nevada Attorney General, and members of the media. However, Plaintiff does not allege that he has an attorney-client relationship with any of these individuals. See, Hayes, 849 F.3d at 1211 (noting that the First Amendment only prohibits opening mail outside the recipient's presence that is from the recipient's lawyer). Accordingly, because Plaintiff cannot establish that a First Amendment violation has occurred, Plaintiff cannot establish a likelihood of success on the merits and the Court therefore denies the emergency injunction and the corresponding motion to compel a response to said motion.

**CONCLUSION**

**IT IS THEREFORE ORDERED** that Plaintiff Mark Picozzi's Motion for Emergency Injunction (ECF No. 11) and Motion to Compel (ECF No. 12) are DENIED.

DATED August 10, 2020.

_____
**RICHARD F. BOULWARE, II**
**UNITED STATES DISTRICT JUDGE**