AARON D. FORD
  Attorney General
SAMUEL L. PEZONE JR. (Bar No. 15978)
  Deputy Attorney General
State of Nevada
Office of the Attorney General
555 E. Washington Ave., Ste. 3900
Las Vegas, Nevada 89101
(702) 486-4070 (phone)
(702) 486-3773 (fax)
Email: spezone@ag.nv.gov

*Attorneys for Defendants Stacy Barrett, Jay Barth, Jeremy, Bean, Julio Calderin, Glenn Fowler, Calvin Johnson, William Kuloloia, Jennifer Nash, Ronald Oliver, Brandon Silber, Brian Williams, and Duane Wilson*

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| MARK PICOZZI, | Case No. 2:20-cv-00518-RFB-VCF |
| Plaintiff, | **STIPULATION AND PROPOSED ORDER TO EXTEND THE DEADLINES FOR DISCOVERY AND DISPOSITIVE MOTIONS (SECOND REQUEST)** |
| v. | |
| STATE OF NEVADA *et al.*, | |
| Defendants. | |

Plaintiff, Mark Picozzi, pro se, and Defendants, Stacy Barrett, Jay Barth, Jeremy Bean, Julio Calderin, Glenn Fowler, Calvin Johnson, William Kuloloia, Jennifer Nash, Ronald Oliver, Brandon Silber, Brian Williams, and Duane Wilson, by and through counsel, Aaron D. Ford, Attorney General, and Samuel L. Pezone Jr., Deputy Attorney General, hereby stipulate and agree to extend the deadlines for discovery and dispositive motions outlined in this Court's Minute Order, ECF No. 160. There is good cause and excusable neglect for this Court to grant an extension of discovery and the dispositive motion deadline. LR 26-3.

commenced and neither party served any discovery on the other. *See* ECF No. 170.

After this Court reopened discovery on March 27, 2023, Plaintiff served Requests for Production of Documents and Interrogatories on each Defendant. To date, Defendants have served responses to all of Plaintiff's timely discovery requests.

## II.   DESCRIPTION OF DISCOVERY THAT REMAINS TO BE COMPLETED

As of May 10, 2023, there is a fully briefed Motion to Compel Discovery, ECF No. 166, pending before this court. On June 1, 2023, after the deadline for discovery had expired, Plaintiff served a Request for Production Documents on Defendant Julie Williams.

Further, Defendants' counsel discovered on May 30, 2023, that there are religious kites in Plaintiff's possession which are not present in his institutional file (I-File.) Defendants will require additional time to serve written requests for production of documents to obtain these kites from the Plaintiff.

## III.   STATEMENT OF GOOD CAUSE

To demonstrate good cause, the parties must show "that, even in the exercise of due diligence, [the parties were] unable to meet the timetable set forth in the order." *Cruz v. City of Anaheim*, CV1003997MMMJEMX, 2011 WL 13214312, at *2 (C.D. Cal. Dec. 19, 2011) (citing *Zivkovic v. Southern California Edison Co.*, 302 F.3d 1080, 1087 (9th Cir. 2002); *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992)). Prejudice to the opposing party is a factor in determining good cause, though lack of prejudice is "not a prerequisite." *Id.*

There is good cause to extend the discovery deadline. This Court has yet to opine on Plaintiff's Motion to Compel, ECF No. 166, which was filed timely in contemplation of the need for additional discovery. Further, Counsel was not apprised of the facts which necessitated additional discovery regarding Plaintiff's religious kites until May 30, 2023,

the very end of discovery, at which point discovery could not be timely served or responded to.

The parties, in their due diligence, could not complete discovery before this Court's deadline. Both parties will benefit from an extension, and neither party will be prejudiced by additional discovery. There is good cause to extend discovery.

## IV.   STATEMENT OF EXCUSABLE NEGLECT

In determining whether any parties' neglect is excusable, courts of this circuit weigh four factors: "(1) the danger of prejudice to the non-moving party, (2) the length of delay and its potential impact on judicial proceedings, (3) the reason for the delay, including whether it was within the reasonable control of the movant, and (4) whether the moving party's conduct was in good faith." *Pincay v. Andrews*, 389 F.3d 853, 855 (9th Cir. 2004); *Pioneer Investment Services Co. v. Brunswick Associates Ltd. Partnership*, 507 U.S. 380, 395 (1993).

As to the first factor, the parties maintain that they will not be prejudiced by an extension. The parties maintain that they will all benefit from an extension of the discovery deadline.

As to the second factor, the parties request an extension of discovery of no more than 30 additional days. While this case has a long history, the parties do not seek to prolong these proceedings any more than is necessary. As stated, the parties have only recently had the opportunity to obtain discovery on an extremely short timeline.

As to the fourth factor, the parties maintain that delay is no fault of any party. On May 19, 2023, Plaintiff filed a motion for extension of the discovery deadline to June 30. ECF No. 169. On June 2, 2023, after learning that additional written discovery would be necessary, Defendants filed a response stating their non-opposition to this request and to providing additional good cause. ECF No. 171. This Court has yet to enter an order granting an extension.

And only at the very end of discovery did Defendants' Counsel learn there was any gap in Plaintiff's institutional file which would require additional written discovery. Prior

to this date, Counsel was of the impression that, as is standard procedure throughout the NDOC, copies of all religious kites were placed into Plaintiff's I-File. Undersigned counsel believed that Plaintiff had simply failed to file any religious kites whatsoever in the past five years. Any neglect in seeking production of religious kites or an extension to seek production is the fault of undersigned counsel, not Defendants.

Finally, the Parties maintain that their conduct was in good faith. The parties previously sought an extension in good faith, ECF Nos. 169 & 171; and undersigned Counsel, in good faith, mistakenly believed that the Defendants had possession of all of Plaintiff's religious kites. The Parties are requesting this extension in good faith to obtain additional discovery, and not for the purposes of delay. The Parties' neglect, if any, is excusable.

## V. PROPOSED SCHEDULE FOR COMPLETING ALL REMAINING DISCOVERY

The Parties propose the following schedule for completion of all remaining discovery and the filing of any dispositive motions:

- The deadline for completion of discovery will be extended to July 15, 2023.
- The parties will have until June 30, 2023, to serve all remaining written requests for discovery.
- The deadline to file any dispositive motions will be extended until August 31, 2023.
- The deadline to file a Joint Pre-Trial order will be extended until September 30, 2023, or, if dispositive motions are filed, until thirty (30) days after the entry of any order on the dispositive motions.

## VI. CONCLUSION

Based on the foregoing, good cause and excusable neglect exist and the parties respectfully request that this Court extend the discovery deadline an additional 30 days up to and including July 15, 2023.

DATED this 13th day of June, 2023.
AARON D. FORD
Attorney General

/s/ Samuel L. Pezone, Jr.
SAMUEL L. PEZONE, JR. (Bar No. 15978)
Deputy Attorney General

*Attorneys for Defendants*

DATED this 13th day of June, 2023.

Mark Picozzi, #1163673

*Plaintiff, Pro Se*   6/13/23

IT IS SO ORDERED:

_____
UNITED STATES DISTRICT JUDGE

Dated: June 13, 2023

## CERTIFICATE OF SERVICE

I certify that I am an employee of the State of Nevada, Office of the Attorney General, and that on June 13, 2023, I electronically filed the foregoing **STIPULATION AND PROPOSED ORDER TO EXTEND THE DEADLINES FOR DISCOVERY AND DISPOSITIVE MOTIONS (SECOND REQUEST)** via this Court's electronic filing system. Parties who are registered with this Court's electronic filing system will be served electronically.

Mark Picozzi, #1163673
High Desert State Prison
P.O. Box 650
Indian Springs, Nevada 89070
*Plaintiff, Pro Se*

/s/ *Andrea Beckett*
Andrea Beckett, an employee of the
Office of the Nevada Attorney General