# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

\*\*\*

MARK PICOZZI,

              Plaintiff,

vs.

STATE OF NEVADA, *et al.*,

              Defendants.

Case No. 2:20-cv-00518-RFB-VCF

**ORDER**

MOTION TO COMPEL (ECF NO. 166); MOTION FOR 30 DAY EXTENSION FOR DISCOVERY (ECF NO. 169)

      Pro se plaintiff Mark Picozzi filed motions to compel discovery and for thirty-day extension for discovery. ECF Nos. 166 and 169. I deny the motion to compel without prejudice as premature, with leave to refile if necessary, and deny the motion for a thirty-day discovery extension as moot. *Id.*

## I.    Background

      This is a civil rights case. ECF No. 134. Plaintiff is Catholic and he alleges that for many years he has been requesting ashes during Lent for Ash Wednesday, a no meat diet during Lent, and to receive palms for Palm Sunday. Plaintiffs brings claims for violations of the First Amendment (free exercise of religion) and the Religious Land Use and Institutionalized Persons Act. *Id.* At a motion hearing on March 23, 2023, the parties requested to reopen discovery and the parties both declined the opportunity to take each other's depositions. ECF No. 160. I reopened discovery for sixty days and I limited the parties to seeking written discovery. *Id.*

Plaintiff argues in his motion to compel that the defendants have not responded to his written discovery requests. ECF No. 166. Reading plaintiff's motion liberally, he also appears to ask to take depositions. *Id.* Defendants argue in the response that plaintiff's motion to compel is premature because he filed it before their deadline to respond to the written discovery. ECF No. 167. Defendants also argue that plaintiff must follow the local rules and specify which discovery requests are at issue, if any. *Id.* Defendants also argue that plaintiff had an opportunity to take depositions earlier, did not request to take depositions at the last hearing, and that you explicitly ordered that discovery is limited to written discovery. *Id.* Defendants also argue that the plaintiff did not meet and confer prior to filing the motion. *Id.* Plaintiff argues in the reply that the defendants are engaging in "stall" tactics. ECF No. 168.

Plaintiff also asks for an additional thirty days to take discovery. ECF No. 169. The parties later filed a stipulation to extend discovery. ECF No. 172.

**II.     Analysis**

"A document filed pro se is, 'however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'" *Erickson v. Pardus*, 551 U.S. 89, 94, 127 S. Ct. 2197, 167 L. Ed. 2d 1081 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106, 97 S. Ct. 285, 50 L. Ed. 2d 251 (1976)). "It is well recognized that a federal district court has the inherent power to administer its docket in a manner that conserves scarce judicial resources and promotes the efficient and comprehensive disposition of cases." *M.C. Prods., Inc. v. AT&T (In re M.C. Prods., Inc.),* No. 98-56964, 1999 U.S. App. LEXIS 34116, at 2 (9th Cir. Dec. 22, 1999) (citations omitted). "The district court has wide discretion in controlling discovery." *Little v. City of Seattle*, 863 F.2d 681, 685 (9th Cir. 1988). The federal rules of civil procedure, "should be construed, administered, and employed by the court and the parties to secure the just, speedy, and inexpensive determination of every action and proceeding." FRCP 1 (emphasis added).

Per Local Rule 26-6 (b), "[a]ll motions to compel discovery or for a protective order must set forth in full the text of the discovery originally sought and any response to it." "Discovery motions will not be considered unless the movant...has made a good faith effort to meet and confer as defined in LR IA 1-3(f) before filing the motion." LR 26-6(c).

Since the defendants still had time to respond to the written discovery requests, I deny this motion as premature. Plaintiff may refile his motion to compel, if necessary. Plaintiff must comply with Local Rule 26-6(b) and set forth the text of the discovery he seeks in his motion to compel, if any. I also order the parties to meet and confer prior to refiling any motion to compel. Plaintiff had the opportunity to ask to take depositions at the last hearing. The parties should also meet and confer regarding plaintiff's purported need to now take depositions. Plaintiff may file a motion to reconsider if he now believes that depositions are necessary.

ACCORDINGLY,

I ORDER that plaintiff's motion to compel discovery (ECF No. 166) is DENIED AS PREMATURE, without prejudice, and with leave to refile, if necessary.

I FURTHER ORDER that plaintiff's motion for a thirty-day extension for discovery (ECF No. 169) is DENIED AS MOOT.

### **NOTICE**

Pursuant to Local Rules IB 3-1 and IB 3-2, a party may object to orders and reports and recommendations issued by the magistrate judge. Objections must be in writing and filed with the Clerk of the Court within fourteen days. LR IB 3-1, 3-2. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985). This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues

3

waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).

Pursuant to LR IA 3-1, the plaintiff must immediately file written notification with the court of any change of address. The notification must include proof of service upon each opposing party's attorney, or upon the opposing party if the party is unrepresented by counsel. Failure to comply with this rule may result in dismissal of the action.

IT IS SO ORDERED.

DATED this 14th day of May 2023.

_____
CAM FERENBACH
UNITED STATES MAGISTRATE JUDGE